## MARSH v. GROWERS' EXCHANGE.

No. 5166. Decided July 11, 1933. (23 P. [2d] 557.)
Rehearing denied January 13, 1934.

*Ben. E. Roberts,* of Salt Lake City, for appellant.

*K. C. Tanner* and *Harry Goldberg,* both of Salt Lake City for respondent.

ELIAS HANSEN, J.

In the court below plaintiff secured a judgment against the defendant for the sum of $581.79. The action which resulted in the judgment was for peaches which plaintiff alleged she sold and delivered to the defendant. The defendant appealed. Errors are assigned because: (1) The trial court denied defendant's motion to strike paragraph 2 of plaintiff's reply; (2) the evidence is insufficient to support the judgment; and (3) the trial court should have granted defendant's motion to instruct the jury to render a verdict for the defendant, because of a material variance between the allegations of the complaint and the evidence.

In her amended complaint plaintiff allleged:

"That on or about the 14th day of September, 1929, an express agreement was entered into between the plaintiff and the defendant, whereby said plaintiff did agree to sell and deliver, f. o. b. car door

at Springville, Utah, her entire crop of peaches for the year 1929 * * * to the defendant for the sum of ninety cents (90¢) per bushel, and the defendant did agree to purchase the entire crop of plaintiff's peaches and to pay for them at the rate of ninety cents (90¢) per bushel.

"That in compliance with said contract, the plaintiff did furnish and deliver to the defendant during the month of September, 1929, f. o. b. car door Springville 1251 bushels of peaches * * *.

"That there has been paid thereon the sum of $572.40, leaving a balance due thereon the sum of $553.50 unpaid.

"That although demand has been made upon said defendant, said defendant has at all times failed and refused and does now refuse to pay said sum of money."

In its answer, defendant admitted that plaintiff had demanded from the defendant the payment of $553.50, and that such demand had not been complied with. As a further answer to plaintiff's complaint, defendant alleged:

"That on or about the 14th day of September, 1929, the said defendant agreed to purchase from the said plaintiff certain peaches by sample f. o. b. cars at Springville, Utah, at 90¢ per bushel, and that the said defendant has paid to the said plaintiff for all peaches so delivered and accepted by the said defendant herein.

"That the said plaintiff offered to the said defendant certain peaches but that said peaches were not according to sample, and that said peaches were overripe and unmerchantable, and that said defendant refused to accept said peaches in such condition."

Defendant denied generally the other allegations of the complaint. To the answer, plaintiff filed a reply. Paragraph 2 of the reply reads as follows:

"In reply to paragraph 2 of said portion of said answer, the plaintiff alleges that said peaches were sold to the defendant on the orchard run basis and that no samples were furnished to the defendant except those samples selected by the defendant from the orchard of the plaintiff; that if said peaches were overripe and unmerchantable, which the plaintiff denies, the defendant had ample opportunity to inspect and did inspect the condition of said peaches while said peaches were on the trees, and prior to entering into the contract as alleged in plaintiff's complaint; that defendant well knew the condition of said peaches at the time the same were delivered to the defendant at the car doors at Springville."

Defendant moved to strike that portion of the reply which is quoted upon the ground that the allegations thereof "were inconsistent with the allegations of the complaint and set forth an entirely different contract." The motion was denied. Complaint is made of that ruling. The portion of the reply complained of is, in effect, but a denial of some of the allegations of the answer. It is not inconsistent with the allegations of the complaint. The most that can be said of the allegations which defendant sought to have stricken is that they enlarge upon and make more specific the contract relied upon by plaintiff for a recovery. Defendant has no just cause to complain of the order denying the motion to strike paragraph 2 of the reply.

There is no dispute in the evidence to these facts: That plaintiff sold and delivered to the defendant one carload of peaches and was paid therefor at the rate of 90 cents per bushel. During the loading of the second car of peaches, the inspector in charge of receiving them refused to accept some of plaintiff's peaches because theye were too ripe. Plaintiff complained because her peaches were not being accepted, and informed defendant that, unless her peaches were all accepted, she would sell to another buyer who was willing to pay her 90 cents per bushel. Defendant insisted that plaintiff sort her peaches so that they would meet the requirements of United States grade No. 1 and deliver them to the defendant. The controversy was finally adjusted. The defendant agreed to accept plaintiff's peaches at 90 cents per bushel. Plaintiff delivered the peaches in controversy at the car doors. They were received by the inspector in charge, loaded in the cars as unclassified peaches and shipped to Des Moines, Iowa, and there sold for considerably less than 90 cents per bushel. The peaches sold at the reduced price because many of them were spoiled when they arrived at Des Moines, Iowa. The evidence also shows that at the time in question the defendant was marketing, for a commission, peaches belonging to the Mapleton Fruit Growers' Association. Peaches

purchased by the defendant and peaches handled by the defendant for the Mapleton Fruit Growers' Association were, at the time of the transaction involved in this controversy, being loaded in railroad cars at Springville, Utah. The same person acted as inspector and received all the peaches which were being loaded without regard to whether they were purchased by the defendant or handled by it on a commission basis. It also appears that Thomas Marsh, the husband of the plaintiff, acted for the plaintiff in a number of the negotiations connected with this controversy. Mr. Marsh purchased from the Mapleton Fruit Growers' Association the containers used by Mrs. Marsh in marketing the peaches which were the subject-matter of this controversy. The containers were charged to Mr. Marsh's account on the books of the Mapleton Fruit Growers' Association. After the fruit was sold, the net proceeds of the sale were credited to the account of Mr. Marsh on the books of account of the Mapleton Fruit Growers' Association. No part of the proceeds derived from the sale of the peaches was received by the defendant.

There is a conflict in the evidence as to these facts. Defendant offered evidence tending to show that soon after the controversy with respect to plaintiff's peaches being overripe was adjusted, defendant's agents again called Mr. Marsh's attention to the fact that the peaches which were being delivered by Mrs. Marsh were inferior in quality; that Mr. Marsh was shown some of the inferior peaches which were being delivered, and he was told that the defendant would not purchase that kind of peaches; that thereupon plaintiff, through her husband and agent, Thomas Marsh, stated that plaintiff would sell the remainder of her peaches to a Mr. Komis; that, at the request of Mrs. Marsh, defendant's agents made arrangements to sell plaintiff's peaches to Mr. Komis, and, after the arrangements were so made, defendant no longer interested itself in plaintiff's peaches. Mr. Marsh denied that he had any conversation with defendant or its agents touching the revocation of the

contract for the sale of the peaches to the defendant after the adjustment of the first controversy. He also denied that he sold or agreed to sell plaintiff's peaches to Mr. Komis or to any one other than the defendant. Thus, if the jury believed the testimony of Mr. Marsh, as they had a right to do, and as they evidently did, there was no revocation of the contract for the sale of the peaches to the defendant. The peaches were delivered at the place agreed upon by the parties and to the inspector who had received, and was receiving, peaches for the defendant. The fact that the inspector was also receiving peaches for others does not relieve the defendant from liability on its contract so long as plaintiff in good faith delivered the peaches to defendant's agent. Nor may defendant be heard to claim the peaches were of an inferior quality. It had ample opportunity to inspect the peaches before they were accepted and shipped. Upon this record it cannot be said that the evidence is insufficient to support the verdict of the jury and the judgment rendered thereon. Nor may it be said that there was a material variance between the allegations of the complaint and plaintiff's evidence in support thereof.

The judgment is affirmed. Plaintiff is awarded her costs on appeal.

STRAUP, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.